LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. In December 2004, while shopping with her mother and sister at Tillman Furniture Company in Magee, Mississippi, Gwendolyn Jenkins Simpson sat down on a broken chair, which collapsed beneath her. A store manager, Carolyn Lagasse, took her to Magee Family Medical Clinic. Simpson complained of pain and requested a CT scan. The results of the scan showed cervical and lumbar strain. La-gasse paid for all medical bills incurred on the day of the incident. Simpson later sought treatment at another hospital, which also diagnosed her with cervical and lumbar strain.
 

 ¶ 2. According to Simpson, Lagasse told her that she was aware that the chair was broken. Lagasse told Simpson that a customer had returned the chair because it was broken, and the chair had been on the showroom floor for two to three days. She apologized to Simpson and stated that she did not know why the chair was still sitting on the showroom floor.
 

 ¶ 3. Simpson filed a pro se complaint in the Circuit Court of Copiah County against Tillman Furniture and Julie Tillman Watson, manager of Tillman Furniture, (collectively referred to as Tillman) alleging negligence and seeking recovery for physical and emotional damages, medical bills, lost donations to religious organizations, pain and suffering, and punitive damages. Tillman moved for summary judgment, arguing that Simpson had failed to show that the health problems she suffered were related to the incident at Tillman Furniture. A hearing was held, and the trial court granted Tillman’s motion for summary judgment. Simpson was not present at the hearing. Simpson now appeals, asserting that the trial court erred in granting Tillman’s motion for summary judgment. Finding no error, we affirm the entry of summary judgment.
 

 STANDARD OF REVIEW
 

 ¶ 4. In reviewing a lower court’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods.,
 
 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light
 
 *88
 
 most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
 

 DISCUSSION
 

 ¶ 5. Simpson argues that summary judgment was not appropriate because she was denied the opportunity to put on all her proof before summary judgment was entered. We start by noting that Simpson has represented herself throughout this matter. The supreme court has held that “[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties”
 
 Dethlefs v. Beau Maison Dev. Corp.,
 
 511 So.2d 112, 118 (Miss.1987). “However, we will not discard a meritorious complaint simply because it is inartfully drafted.”
 
 Davis-Everett v. Dale,
 
 926 So.2d 279, 281(¶ 5) (Miss.Ct.App.2006).
 

 ¶ 6. Tillman moved for summary judgment on July 3, 2008. A hearing date of July 21, 2008, was set by the trial court, and the parties were properly noticed. The jury trial was scheduled to begin on July 22, 2008. Simpson contends that she was unable to attend the pretrial hearing because of a family emergency. Simpson attempted to contact the court clerk to let her know that she would be running late. Simpson states in her brief that the person who answered the phone told her that the court was running behind and that her message would be given to the trial judge’s assistant. Since she was not present, the trial court ruled on the summary judgment motion based on the written submissions of the parties.
 

 ¶ 7. In order to prove a claim of negligence, Simpson was required to show the following: (1) a duty owed to her by Tillman, (2) a breach of that duty, (3) a causal connection between Tillman’s conduct and her alleged injuries, and (4) damages.
 
 Spoo v. T.L. Wallace Constr. Co.,
 
 858 So.2d 199, 202(¶11) (Miss.Ct.App.2003).
 

 ¶ 8. Simpson alleges that she suffers from progressive paralysis, lack of mobility, constant pain, and an increased risk of suffering from strokes and heart attacks as a result of the chair collapsing underneath her. However, Simpson has put on no proof that any of the medical problems from which she is suffering are the result of the incident at Tillman Furniture. Prior to the incident, Simpson suffered from a number of medical conditions, including congestive heart failure, enlarged heart, pseudotumor cerebri, degenerative disc disease in her knees and spine, and osteoarthritis. She had also suffered previous heart attacks and strokes and had prior injuries due to falls and accidents. Her physician, Dr. Terry Smith, stated the following in a referral letter dated March 27, 2002:
 

 [Simpson] says that she was hospitalized July, 2001 and underwent a difficult [lumbar puncture] and says that on the 3rd attempt she had pain in her back and legs, which has continued until now. She has had two MRI scans, and has been told that they have changed. She basically hurts all over. She hurts in the lower back and all down her legs, not one part more than another. She says that she spends most of her time in bed. She has tried medications and a heating pad. She reports decreased mobility. ...
 

 Simpson suffered from back pain for several years prior to sitting on the broken
 
 *89
 
 chair. She has put on no proof to show a causal connection between her current medial condition and the incident at Tillman Furniture. Therefore, we find that Simpson has failed to meet her burden of proof for a claim of negligence sufficient to overcome summary judgment.
 

 ¶ 9. As previously stated, the party opposing a motion for summary judgment “may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). The party opposing the summary judgment motion is not required to be present at the hearing.
 
 See Lott v. Purvis,
 
 2 So.3d 789, 792(¶14) (Miss.Ct.App.2009) (affirming entry of summary judgment by the trial court notwithstanding Lott’s failure to appear at the hearing on the motion). However, Simpson was required to produce evidence such as affidavits or medical records sufficient to present a genuine issue of material fact for a trial on negligence. Since she failed to present any evidence showing a causal connection between the incident at Tillman Furniture and her injuries, we find that Simpson failed to present a genuine issue of material fact for trial. Therefore, we find that Simpson’s arguments are without merit, and we affirm the judgment of the trial court granting summary judgment in favor of Tillman.
 

 ¶ 10. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.