# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-60579

Lyle W. Cayce
Clerk

JANICE DORSEY,

Plaintiff – Appellant

v.

SIMON PROPERTY GROUP, L.P., formerly known as Mills Corporation;
NORTHPARK MALL OPERATING COMPANY, LLC; NORTHPARK MALL
LIMITED PARTNERSHIP; NORTHPARK MALL RESIDUAL 1, L.L.C.;
NORTHPARK MALL RESIDUAL 1 LIMITED PARTNERSHIP, also known
as Delaware Northpark Mall Residual 1 Limited Partnership; JOHN DOES
A, B AND C; KONE, INC.; COMPANIES Y AND Z,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-398

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Janice Dorsey fell while riding on an escalator in a shopping mall. The district court granted summary judgment in favor of the mall owners and the company responsible for escalator maintenance. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60579

FACTS AND PROCEDURAL HISTORY

On August 2, 2006, Janice Dorsey fell while riding on an escalator located in Northpark Mall in a suburb of Jackson, Mississippi. A time ticket showed that on July 13 and 14, 2006 the handrail had stopped moving and the mechanism began to smoke. Kone, Inc., repaired the drive sprocket and replaced the chain on the escalator on July 24, 2006. From then until Dorsey's accident, there were no reported problems with the escalator.

In a deposition, Dorsey stated that she remembered holding onto the left handrail, but that she would defer to whatever the video of the incident revealed. She stated that after her escalator step rose for ten or fifteen steps, the handrail started jerking and caused her to fall. Kone performed preventative maintenance on the escalator after the accident, but no problems were found.

Kone's elevator expert reached these conclusions: there was nothing conclusive to indicate whether Dorsey ever held onto the handrail; several people who rode the escalator prior to and at the same time as Dorsey and used the right handrail encountered no slipping, stalling, or jerking.

The video of the incident does not clearly show Dorsey, as another rider blocked the view. Dorsey's expert thought it likely she was holding onto the right handrail, not the left. In a written report, the expert concluded the accident was "most probably the result of a stall by the right hand handrail." In his deposition, however, he testified that there were more than eleven theories as to why a handrail could slide. He also agreed that based on the video, the other patrons were moving synchronously at the time that Dorsey fell. He did not provide a sworn affidavit.

Dorsey filed suit in Mississippi state court on June 2, 2008. It was removed to the United States District Court for the Southern District of Mississippi based on diversity. Dorsey alleged that Simon Property Group, L.P.; Northpark Mall Operating Company, LLC; Northpark Mall Limited

No. 09-60579

Partnership; Northpark Mall Residual 1, L.L.C.; and Northpark Mall Residual 1 Limited Partnership (collectively "Northpark Mall") negligently failed to exercise reasonable care in protecting invitees. Moreover, she asserted that Kone, who was responsible for all repairs and maintenance of the escalator, was negligent in failing to properly maintain the escalator.

The district court granted summary judgment in favor of Kone and Northpark Mall upon finding a lack of credible record evidence demonstrating negligence or explaining the cause of Dorsey's fall. The doctrine of *res ipsa loquitur* did not apply because Dorsey's fall could have happened absent any negligence by the Defendants.

## DISCUSSION

We review a district court's grant of summary judgment *de novo* and apply the same legal principles as the district court. *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991 (5th Cir. 2008). Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). The evidence is viewed and the inferences are drawn "in the light most favorable to the nonmovant." *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 465 (5th Cir. 2005). The moving party bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party carries its burden, the nonmovant must present evidence that there is a genuine issue for trial. *Id.* at 323-24.

*A. Negligence*

Dorsey claims the district court erred in concluding that she must present "specific substantive evidence" to prove the Defendants' negligence. Rather, Dorsey claims the circumstantial evidence was sufficient to present a fact issue.

For negligence, the plaintiff must prove by a preponderance of the evidence that the defendant owed her a duty, the defendant breached that duty,

3

a causal connection between the defendant's conduct and her injuries, and damages. *Simpson v. Watson*, 14 So. 3d 86, 88 (Miss. App. 2009). To recover, the plaintiff must prove "causation in fact and proximate cause." *Gulledge v. Shaw*, 880 So. 2d 288, 293 (Miss. 2004). The question in this case is whether any cause for the injuries was ever shown.

The defendant in one of the authorities on which the district court relied was a repair company that inspected an elevator that had become stuck between floors. *Rudd v. Montgomery Elevator Co.*, 618 So. 2d 68, 69 (Miss. 1993) (en banc). Nothing was found in need of repair. *Id.* at 70. Later the same day, plaintiff Rudd entered the elevator. The elevator descended a few inches below his floor, stalled, and then fell. Rudd's alleged injuries are not described in the opinion. After the incident, the defendant again inspected the elevator but found nothing wrong with it. *Id.* At trial, Rudd's expert claimed that the repairman had failed to detect a misalignment. *Id.* at 71-72. After a jury verdict for Rudd, a judgment notwithstanding the verdict was granted. *Id.* at 72.

On appeal, the supreme court held that "[a]ll things mechanical are subject to breakdown upon occasion even with the best maintenance." *Id.* To make a jury issue on liability, the plaintiff has to show "competent evidence that [the defendant] was somehow negligent in its maintenance and repair" and that "this negligence caused it to malfunction that day." *Id.* The court concluded that misalignment was simply conjecture. "It was incumbent upon Rudd, however, to offer something beyond pure speculation that there was negligence of this nature and that it in fact caused the malfunction." *Id.* at 73.

Dorsey argues that the better analysis would focus on the validity of the use of circumstantial evidence to prove her claim. In one precedent, a broken pipeline was leaking natural gas. *Miss. Valley Gas Co. v. Estate of Walker*, 725 So. 2d 139, 143 (Miss. 1998), *implied overruling on other grounds recognized by Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736 (Miss. 1999). The repairs made

on the leak failed to follow the defendant gas company's own procedures, and there was evidence from residents that the smell of gas was in the area the entire weekend after the repair. *Id.* at 146. The court held that "negligence may be proved by circumstantial evidence where the circumstances are such as to remove the case from the realm of conjecture and place it within the field of legitimate inference." *Id.* at 145 (quoting *Kussman v. V&G Welding Supply, Inc.*, 585 So. 2d 700, 703 (Miss. 1991)). If circumstantial evidence is used, "it must be sufficient to make plaintiff's asserted theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence, and it is generally for the trier of fact to say whether circumstantial evidence meets this test." *Id.* (quoting 57A Am. Jur. 2d Negligence § 461 (1989)).

We disagree with Dorsey's claim that she has presented circumstantial evidence of relevant causation. There is no evidence of a mechanical failure. Another passenger on the escalator with her arm on the same handrail that allegedly stalled did not experience any jerking. Even Dorsey's expert did not pinpoint a specific cause.

The *Rudd* decision is the instructive one. Dorsey's own expert agreed that one of the possible causes for the fall was that Dorsey simply lost her balance. Moreover, Dorsey's expert evidence was deficient in form, as there was no sworn affidavit. "[A]n unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). In addition, the expert's deposition was contrary to some of the information in his written findings.

### B. Res Ipsa Loquitur

Dorsey argues that because handrails do not stall when properly maintained, the doctrine of *res ipsa loquitur* applies.

The doctrine of *res ipsa loquitur* is a form of circumstantial evidence "that allows negligence to be inferred in certain fact situations." *Winters v. Wright*,

No. 09-60579

869 So. 2d 357, 363 (Miss. 2003). To apply the doctrine, the plaintiff must prove: (1) the defendant had control and management of the instrumentality that caused the injury, (2) the injury is one that "in the ordinary course of things [] would not occur if those in control of the instrumentality used proper care," and (3) the injury was not the result of the plaintiff's own voluntary act. *Powell v. Methodist Health Care-Jackson Hosps.*, 876 So. 2d 347, 349 (Miss. 2004).

*Res ipsa loquitur* applies "only when the accident is such that, according to ordinary human experience, it could not have happened without such negligence." *Winters*, 869 So. 2d at 364 (quoting *Yazoo & M.V.R. Co. v. Skaggs*, 179 So. 274, 277 (Miss 1938)).

Though Dorsey testified that the escalator suddenly jerked, she also testified that she would defer to the video surveillance over her memory. From the video, the synchronous ride of the other patrons on the escalator did not show signs of jerking. Further, Dorsey's expert testified that he could not tell from the surveillance that there was any slippage.

This is not an accident that could only have happened due to the Defendants' negligence. The doctrine of *res ipsa loquitur* does not apply.

AFFIRMED.