RUSSELL, J.,
for the Court:
¶ 1. Dorothy Haggard appeals the judgment of the Circuit Court of Washington County, Mississippi, affirming the order of the County Court of Washington County, Mississippi, which granted Wal-Mart Stores, Inc.’s motion for summary judgment. Haggard asserts on appeal there are genuine issues of material fact, and summary judgment was improper. Upon review, we find summary judgment was properly granted in favor of Wal-Mart. Therefore, we affirm the judgment of the Washington County Circuit Court.
FACTS AND PROCEDURAL HISTORY
¶ 2. This appeal stems from Haggard’s fall in a Wal-Mart store in Greenville, Mississippi, on July 8, 2007. Haggard alleges she was shopping at Wal-Mart when she slipped and fell on a clear, unknown substance on the floor and sustained injuries. Haggard filed a complaint against Wal-Mart in the county court alleging negligence and premises liability. Subsequently, Wal-Mart filed its motion for summary judgment, and several hearings were held on that motion.
¶ 3. Haggard submitted three identical affidavits from three different customers, all of whom were acquaintances of Haggard. These affidavits read as follows:
I, [affiant’s name], being duly sworn and deposed, says that:
I am an adult resident citizen of Washington County, Mississippi, and I am competent to testify to the facts stated herein. This statement is made according to the best of my knowledge, and is not based on speculation, surmise[,] or conjecture.
On July, 2007, [sic], I was shopping at the Wal-Mart Super-Center, Greenville, MS, near the grocery section. At that time, around 10:00 p.m. on the evening of July 3, 2007, I saw Mrs. Dorothy Haggard loose her footing and fall in a clear substance on the tile floor near the apparel section.
Based on my personal observation of the area of her fall before she fell, the employees of Wal-Mart either knew or should have known of the hazardous condition before Mrs. Haggard fell because they were: (1) within close proximity to the hazardous condition before Mrs. Haggard fell; (2) the employees walked by the hazardous condition and failed to clean it up before she fell; and/or (3) otherwise failed to maintain *1123 the area in a reasonably safe condition prior to the [sic] Mrs. Haggard’s fall.
¶ 4. Fred Turner, Wal-Mart’s manager on the night in question, also submitted an affidavit, which reads, in pertinent part, as follows:
As the manager on duty[,] I responded to the call that a customer, Dorothy Haggard, reported an incident whereby she slipped and fell at approximately 11:00 p.m. on July 3, 2007.
I do not know the identity of the substance on the floor that was beside Ms. Haggard which I observed only after responding to the incident.
I do not know how the unknown substance came to be on the floor and did not see any damaged or empty containers/bottles around the area of the incident. The merchandise display adjacent to the area of the alleged incident did not display any liquid or gel-type products!,] as this area of the alleged incident was in the clothing department. I did not see any footprints, smear marks, skid marks, wheel tracks from shopping carts[,] or other indications in the spilled substance that was beside Ms. Haggard to indicate the substance had been on the floor for any period of time before the alleged incident with Ms. Haggard.
Prior to the subject incident with Ms. Haggard!,] I ha[d] no personal knowledge that there was a spilled substance in that location. Further, I walked past the same area approximately 20 minutes before responding to the call that Ms. Haggard slipped and fell. When I walked by this area prior to the incident!,] there was no spill or liquid of any kind on the floor.
Turner was also deposed. He confirmed again that he walked by the area where Haggard fell twenty minutes prior to her fall and did not see anything on the floor. He further confirmed he was not aware of any substance on the floor until after Haggard fell, and he did not know who was responsible for the spill. Turner also noted he did not personally witness the fall.
¶ 5. Patricia Lewis, a Wal-Mart employee, was also deposed. She stated she knew Haggard personally and spoke with Haggard in a different area of the store prior to Haggard’s fall. She further stated she was not aware of any substance on the floor and only became aware of the substance after Haggard fell. Lewis went to the area of the store where Haggard had fallen after being informed of the incident and spoke with Haggard at the scene. Lewis observed the clear substance but did not know what it was or how it ended up on the floor. According to Lewis, there was a smear mark through the substance from Haggard’s shoe, but there were no other markings to indicate how long the substance had remained on the floor. She also stated that there were no spilled or empty containers in the area. Lastly, Lewis stated that she had no information or knowledge that any other Wal-Mart employee knew about the substance on the floor.
¶ 6. Finally, Haggard herself was deposed. The following exchange took place at Haggard’s deposition:
Q: Did anybody from Wal-Mart that you talked to that day or since tell you anything about any information they had or knowledge they had that that white substance was on the floor before you slipped in it?
A: No.
Q: Is there any indication whatsoever that you know of that anybody from Wal-Mart accidentally put that substance on the floor?
A: No.
*1124 Q: Okay. Do you have any information like that of how that substance got on the floor whatsoever?
A: No.
Q: Do you have any information whatsoever that anybody from Wal-Mart knew that that white substance was on the floor before you fell in it?
A: No.
Q: Nobody said — the manager didn’t say or anybody didn’t say, “Oh, yeah, we saw that was there and we were going to clean it up later,” nothing like that, did they?
A: No.
¶ 7. After the hearings were held on Wal-Mart’s motion for summary judgment, the county court granted summary judgment in favor of Wal-Mart. Haggard appealed to the circuit court, which affirmed the judgment of the county court. Haggard timely filed her notice of appeal.
DISCUSSION
¶ 8. The issue presented before us is whether there is any genuine issue of material fact warranting reversal of summary judgment. We review a trial court’s grant of summary judgment de novo. Pigg v. Express Hotel Partners, LLC, 991 So.2d 1197, 1199 (¶ 4) (Miss.2008) (citing Smith ex rel. Smith v. Clement, 983 So.2d 285, 288 (¶ 11) (Miss.2008)). Summary judgment is proper where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt.” Miller v. R.B. Wall Oil Co., 970 So.2d 127, 130 (¶ 5) (Miss.2007) (citing Moss v. Batesville Casket Co., 935 So.2d 393, 398 (¶ 16) (Miss.2006)). Further, “[t]he facts must be viewed in the light most favorable to the non-moving part[y].” Pigg, 991 So.2d at 1199 (¶ 4) (citing Massey v. Tingle, 867 So.2d 235, 238 (¶ 6) (Miss.2004)). “The non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial.” Id. “Issues of fact ... are present where one party swears to one version of the matter in issue and another says the opposite.” Moss, 935 So.2d at 398 (¶ 17) (citing Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990)). A material fact is one that “tends to resolve any of the issues properly raised by the parties.” Moss, 935 So.2d at 398 (¶ 16) (citing Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995)). A fact is material if it is outcome determinative. Id. at 398-99 (¶ 17) (citing Simmons v. Thompson Mach. of Miss., Inc., 631 So.2d 798, 801 (Miss.1994)). Additionally, summary judgment is appropriate “where the non-movant fails to establish the existence of an essential element of that party’s claim.” Pigg, 991 So.2d at 1199 (¶ 4) (citing Smith v. Gilmore Mem’l. Hosp., Inc., 952 So.2d 177, 180 (¶ 9) (Miss.2007)).
¶ 9. Mississippi uses a three-step process in determining premises liability: “First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of the injury. Next, we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached.” Rod v. Home Depot USA, Inc., 931 So.2d 692, 694 (¶ 9) (Miss.Ct.App.2006) (citing Leffler v. Sharp, 891 So.2d 152, 156 (¶ 10) (Miss.2004)).
*1125 ¶ 10. In the instant case, it is undisputed that Haggard was a business invitee because she entered Wal-Mart “in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Id. at (¶ 10) (citing Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1008 (¶ 9) (Miss.2001)). “A business owner/operator owes to invitees the ‘duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view.’ ” Rod, 931 So.2d at 694 (¶ 10) (citing Leffler, 891 So.2d at 157 (¶ 12)). Stated somewhat differently:
In Mississippi, an owner, occupant, or person in charge of a premises owes to an invitee or business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care.
Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918 (¶7) (Miss.2000) (citing Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss.1986)). “However, the owner or occupant is not an insurer against all injuries.” Id. (citing Drennan v. Kroger Co., 672 So.2d 1168, 1170 (Miss.1996)).
¶ 11. In a slip-and-fall ease, the plaintiff must show one of the following to recover: “(1) a negligent act of the defendant caused her injury; (2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or (3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant.” Rod, 931 So.2d at 694-95 (¶ 10) (citing Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2004)). We will address each of these theories below.
I. Negligent Act
¶ 12. Under the first theory of recovery, a plaintiff may recover in a slip- and-fall case if “a negligent act of the defendant caused her injury[.]” Id. Haggard stated in her deposition there was no indication that anyone from Wal-Mart accidentally put the substance on the floor. She further admitted she did not know how the substance got on the floor. Turner, the manager on duty at the time of Haggard’s fall, stated that he did not know who was responsible for putting the substance on the floor or how the substance came to be on the floor. Lewis, a Wal-Mart employee, also stated she had no knowledge of how the substance ended up on the floor or who was responsible for it being there. Haggard, Turner, and Lewis were the only people deposed, and there is nothing in the record to indicate that a negligent act of Wal-Mart or its employees caused Haggard’s fall. Therefore, Haggard’s claim fails under this theory.
II. Actual Knowledge
¶ 13. Under the second theory of premises liability, a plaintiff may recover in a slip-and-fall case if “the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff!.]” Id. In the instant case, Haggard stated the following in her deposition:
Q: Did anybody from Wal-Mart that you talked to that day or since tell you anything about any information they had or knowledge they had that that white substance was on the floor before you slipped in it?
A: No.
Q: Do you have any information whatsoever that anybody from Wal-Mart knew that white substance *1126 was on the floor before you fell in it?
A: No.
Therefore, based on Haggard’s own testimony, there was no evidence of any actual knowledge on the part of Wal-Mart or its employees.
¶ 14. Further, Turner stated in his affidavit and again in his deposition that he did not see a substance on the floor when he walked by the area approximately twenty minutes before Haggard’s fall. Turner also confirmed he had no actual knowledge of the substance prior to Haggard’s fall. Similarly, Lewis stated that she did not know about the substance until after the fall occurred. We find nothing in the record that creates a genuine issue of material fact as to whether Wal-Mart had actual knowledge. Therefore, Haggard’s claim fails under this theory of liability.
III. Constructive Knowledge
¶ 15. Under the last theory of premises liability, a plaintiff may recover in a slip-and-fall case if “the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant.” Rod, 931 So.2d at 694-95 (¶ 10). “Constructive knowledge is established where the condition is shown to have existed for such a length of time that the operator, through the exercise of reasonable care, should have known of ... its existence.” Almond v. Flying J Gas Co., 957 So.2d 437, 439 (¶ 8) (Miss.Ct.App.2007) (citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992)). Further, “[t]he court will not indulge presumptions for the deficiencies in plaintiffs evidence as to the length of time the hazard existed[;] therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator’s constructive knowledge.” Id. (citing Waller, 492 So.2d at 286). “The plaintiff must present specific proof as to the relevant actual length of time.” Id. (citing Dickens v. Wal-Mart Stores, 841 F.Supp. 768, 771 (S.D.Miss.1994)).
¶ 16. Haggard’s main argument that Wal-Mart had actual or constructive knowledge of the clear substance on the floor is based upon affidavits of three customers, all of which read, in pertinent part, as follows:
Based upon my personal observation of the area of her fall before she fell, the employees of Wal-Mart either knew or should have known of the hazardous condition before Mrs. Haggard fell because they were: (1) within close proximity to the hazardous condition before Mrs. Haggard fell; (2) the employees walked by the hazardous condition and failed to clean it up before she fell; and/or (3) otherwise failed to maintain the area in a reasonably safe condition prior to the [sic] Mrs. Haggard’s fall.
Obviously, nothing is stated within these affidavits as to how long the substance had remained on the floor before Haggard fell, and no time frame is provided anywhere in the record before this Court. Further, Haggard testified in her deposition that she had no idea how long the substance had been on the floor before she fell, and she did not see the substance before her fall. Haggard also testified that there were no foot prints, smear marks, or tracks from shopping-cart wheels to imply the substance had remained on the floor long enough to impute constructive knowledge to Wal-Mart. In fact, there is nothing in the record to indicate the length of time the substance had remained on the floor. Moreover, Haggard was unable to provide the names of any of the alleged employees who were supposedly in the area, even though all discovery had been completed. We note *1127 “[t]he non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial.” Pigg, 991 So.2d at 1199 (¶ 4). This Court will not “rely upon unsupported, concluso-ry allegations to defeat a motion for summary judgment where there are no issues of material fact.” Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 184 (¶6) (Miss.Ct.App.2005). Here, Haggard failed to set forth specific facts showing a genuine issue of material fact as to Wal-Mart’s alleged constructive knowledge because no time frame was ever established or even suggested by Haggard. Further, the affidavits are conclusory in nature and, therefore, insufficient to defeat Wal-Mart’s motion for summary judgment in this case, particularly in light of the fact that Haggard was unable to establish any time frame to impute constructive knowledge to Wal-Mart. Therefore, Haggard’s claim fails on this theory of liability.
¶ 17. Viewing all of the evidence in the light most favorable to Haggard, there are no genuine issues of material fact that require presentation to a jury. Therefore, we hold the circuit court did not err in granting summary judgment in favor of Wal-Mart. As such, the judgment of the Washington County Circuit Court is affirmed.
¶ 18. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. MYERS, J., NOT PARTICIPATING.