# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No.16-60849
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

SHARON M. SPANGLER,

Plaintiff - Appellant

v.

BEAU RIVAGE RESORTS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-334

Before  BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal is from the grant of summary judgment in a personal injury action brought pursuant to diversity jurisdiction.  The principal issues on appeal are whether the district court properly held that there was no genuine issue of material fact with respect to whether the business (1) negligently caused an unreasonably dangerous condition on its premises or (2) had constructive knowledge of that condition.  Finding no error, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60849

## I.     BACKGROUND AND PROCEDURAL HISTORY

This suit stems from a slip-and-fall incident that occurred in the bathroom of a casino.  Plaintiff-Appellant Sharon Spangler ("Spangler") was a regular customer of the Defendant-Appellee Beau Rivage Resorts ("Beau Rivage).  She had frequented this particular single-person restroom at the casino for 20 years.  Surveillance video indicated that on October 14, 2014, at 11:23am, Lynis McBride, a manager-employee at Beau Rivage, entered the restroom at issue, and, a little less than two minutes later, she exited the restroom.  During McBride's deposition, she testified that she did not recall walking into the restroom or the condition of the restroom during this particular visit.  McBride testified that if she had noticed liquid on the floor, she would have called the Public Area Department to have the liquid cleaned up.  When questioned whether she "would have walked in there for another purpose other than [to] use the restroom," McBride responded affirmatively, testifying that she would sometimes just check her hair and lipstick or blow her nose.

The surveillance video further demonstrated that Spangler entered the restroom approximately four and a half minutes after McBride exited the restroom.  The video showed that no one entered or exited the restroom in between McBride's and Spangler's visits.

During her deposition testimony, Spangler stated that she had used this restroom for 20 years and that it had always been clean.  She had never seen water on the floor prior to that date.  She also testified that the "lighting is good" in that restroom and that the floor "looks like marble" and is "very slippery."

With respect to the day in question, Spangler testified that she walked in the restroom and put her purse and drink on the sink and walked to the

2

No. 16-60849

toilet. She then "went to turn around and sit down [and] went down." After falling down, she saw a puddle of water in front of the toilet. She had "no idea" how long the water had been on the floor prior to her arrival. When Spangler was shown photographs of the restroom, she testified that the water was not visible in the photographs "because of the way the floor is made." Spangler admitted that she had no information to show that "Beau Rivage or any of its employees knew that there was liquid on the floor in the restroom."

On October 2, 2015, Spangler filed the instant complaint against Beau Rivage, alleging that the water in the restroom was an unreasonably dangerous condition and that Beau Rivage's negligence caused her personal injuries with respect to her slip-and-fall accident. The complaint also alleged that the fall caused her "to suffer contusions to her arm and a blunt trauma to her head."

Subsequently, Beau Rivage filed a motion for summary judgment, arguing that Spangler failed to show that "Beau Rivage or any of its employees 'created' this alleged liquid to be on the floor, had actual knowledge of any alleged dangerous condition on the floor but failed to warn the Plaintiff, or that Defendant knew or should have known that this dangerous condition existed for a sufficient time to impute constructive knowledge to the Defendant."

In support of its motion for summary judgment, Beau Rivage submitted the affidavit of Fred Vanderbrook, a professional engineer it had retained to provide expert testimony. In the affidavit, Vanderbrook stated that he had tested the restroom floor for slippage under both dry and wet conditions and the results were compiled in a written report with the affidavit. The affidavit also provided that the "restroom has had the same configuration for ten years with no prior reported slip and fall incidents." Vanderbrook's opinion was that the "floors of this restroom did not create an unreasonable risk or harm to

3

patrons exercising normal care for their own safety when using this restroom." Beau Rivage also submitted photographs of the shoes that Spangler wore at the time of the slip and fall. In the photographs, it appears that the tread on the soles of the shoes is somewhat worn down.

In addition, Beau Rivage submitted the affidavit of its employee, Gene Deaton, a Supervisor in the Engineering Department. On the date of the incident, Deaton inspected both the sink and the toilet and did not detect any leaks. Deaton concluded that both plumbing fixtures were operating properly and that no repairs were necessary. Additionally, Beau Rivage submitted a chart that indicated that the restroom had been checked approximately once an hour prior to the incident on the day in question.

Spangler did not file a response to the motion for summary judgment. In a memorandum opinion and order, the district court granted the motion for summary judgment, holding that Spangler "provided no evidence from which a jury could find that the water was on the restroom floor because Beau Rivage personnel committed some negligent act, or that Beau Rivage personnel had actual knowledge of water on the restroom floor, or that the water had been on the restroom floor long enough that Beau Rivage personnel should have known it was there."[1] The court dismissed Spangler's claims with prejudice and entered judgment in favor of Beau Rivage. Spangler filed a timely notice of appeal.

II. ANALYSIS

This Court reviews a "grant of summary judgment de novo, applying the same standard as the district court." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*,

---

[1] The district court's opinion further provided that: "Although disputed, for purposes of this Motion the Court accepts as fact that Spangler slipped and fell due to standing water on the restroom floor."

No. 16-60849

591 F.3d 439, 442 (5th Cir. 2009). The moving party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The Mississippi Supreme Court has held that to recover in a slip-and-fall case, the plaintiff must demonstrate that the "proprietor had actual knowledge of a dangerous condition, *or* the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, *or* the dangerous condition was created through a negligent act of a store's proprietor or his employees." *Munford, Inc., v. Fleming,* 597 So.2d 1282, 1284 (Miss. 1992) (emphasis in opinion). Here, there is no assertion that Beau Rivage or its employees had actual knowledge of a dangerous condition. Instead, Spangler contends that the district court erred in granting summary judgment because there is a genuine issue of material fact with respect to whether: (1) Beau Rivage had constructive knowledge of the water on the floor; and (2) McBride negligently caused the water to puddle.

With respect to the latter, there is no direct evidence indicating that McBride caused the water to puddle around the toilet. The evidence shows that McBride entered the restroom and then exited the restroom after almost two minutes. McBride did not recall whether she had used running water in the facilities. Indeed, at the time of her deposition, McBride did not even recall entering the restroom on that particular occasion. During Spangler's deposition, Spangler admitted that she had no information to indicate that any employee had knowledge of the water on the floor prior to her fall.

Spangler argues that because the evidence shows that there was no leak from the sink or toilet and that McBride was the last person to visit the

5

restroom prior to Spangler, there is a genuine issue of material fact with respect to whether McBride caused the water to puddle next to the toilet. We disagree. As the Mississippi Supreme Court has explained, if a plaintiff relies on circumstantial evidence to prove causation, the evidence "must be sufficient to make plaintiff's asserted theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence, and it is generally for the trier of fact to say whether circumstantial evidence meets this test." *Miss. Valley Gas v. Estate of Walker,* 725 So.2d 139, 145 (Miss. 1998) (internal quotation marks and citation omitted), *implied overruling on other grounds recognized by Adams v. U.S. Homecrafters, Inc.,* 744 So.2d 736 (Miss. 1999); *accord Dorsey v. Simon Property Group, L.P.,* 378 F. App'x 476, 478-79 (5th Cir. 2010).

Although McBride did not remember this particular visit to the restroom, she testified during her deposition that she would sometimes visit the restroom only to check her hair and makeup or blow her nose. While it is possible that McBride caused the water to puddle when she visited the restroom, there is no evidence circumstantial or otherwise that makes it more probable than the theory that she visited the restroom and did not cause the water to puddle. The circumstantial evidence does not "remove the case from the realm of conjecture and place it within the field of legitimate inference." *Id.* Indeed, we are persuaded that evidence of McBride's mere presence in the restroom does not constitute "circumstantial evidence of relevant causation" in the instant case. *See Dorsey,* 378 F. App'x at 479. We therefore conclude that the district court correctly held that there is no genuine issue of material fact with respect to whether McBride caused the water to puddle.

We now turn to address whether there is a genuine issue of material fact with respect to whether Beau Rivage had constructive knowledge of the water

No. 16-60849

on the restroom floor.  A plaintiff must demonstrate constructive knowledge with "proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." *Fleming,* 597 So.2d at 1284 (internal quotation marks and citation omitted).  Further, Mississippi courts "will not indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed, therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge." *Almond v. Flying J Gas Co.,* 957 So.2d 437, 439 (Miss. Ct. App. 2007) (citing *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 286 (Miss. 1986)).

Spangler testified that she had "no idea" how long that the water had been on the floor prior to her arrival and did not notice it prior to her fall. Spangler also testified that the puddle of water did not look like it had been disturbed because it appeared fresh, clean and clear.

McBride testified that she did not recall visiting the restroom but if she had seen water on the floor she would have reported it to have it cleaned.  In addition, Beau Rivage's business records demonstrate that the restroom had been checked every hour that morning, including an hour prior to Spangler's visit.

Spangler contends that if the water was present when McBride entered the restroom at 11:23am, "even the briefest amount of time is sufficient [to] give rise to constructive knowledge, because in the exercise of reasonable care, McBride should have observed the puddle under her feet."  Brief at 11. Spangler, however, cites no Mississippi precedent for the proposition that just a few minutes can constitute a sufficient length of time for a condition to exist such that, in the exercise of reasonable care, the proprietor should have known of it.

No. 16-60849

The opinion in *Haggard v. Wal-Mart Stores, Inc.,* 75 So.3d 1120 (Miss. Ct. App. 2011) is instructive.  Like the instant case, in *Haggard,* the plaintiff testified that she had "no idea how long the substance had been on the floor before she fell."  *Id.* at 1126.  The *Haggard* plaintiff "testified that there were no foot prints, smear marks, or tracks from shopping-cart wheels to imply the substance had remained on the floor long enough to impute constructive knowledge to Wal-Mart."  *Id.*  Similarly, in the instant case, Spangler testified that the puddle did not appear to be disturbed because it appeared fresh, clear and clean.  Moreover, in *Haggard*, there was "nothing in the record to indicate the length of time the substance had remained on the floor."  *Id.*  Thus, the Court of Appeals of Mississippi held that the plaintiff had failed to establish a time frame to impute constructive knowledge to Wal-Mart.  *Id.* at 1127. Likewise, here, Spangler has simply failed to produce evidence that demonstrates a time period sufficient to impute constructive knowledge of the puddle of water to Beau Rivage.  Thus, the district court correctly concluded that there is no genuine issue of material fact with respect to whether Beau Rivage had constructive knowledge of the water on the restroom floor.

III.    CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.