GRIFFIS, J.,
for the Court:
¶ 1. J. Clifford Harrison, as trustee, and Regions Bank fik/a AmSouth Bank (“the Bank”), as successor in interest to Deposit Guaranty National Bank,[1] appeal the judgment of the Webster County Special Court of Eminent Domain in favor of the Mississippi Transportation Commission (“MTC”) in the amount of $42,950. The Appellants claim that: (1) the trial court abused its discretion in denying the Appellants’ motion to amend judgment or, alternatively, for relief from judgment because the Appellants were not parties to the removal of funds deposited by the MTC and were not properly notified of the trial; (2) the trial court lacked authority to enter a money judgment against them under the eminent domain quick-take provision; and (3) the trial court’s judgment is in violation of Rules 8 and 54 of the Mississippi Rules of Civil Procedure. We agree that the trial court abused its discretion in denying the Appellants’ motion to amend judgment or, alternatively, for relief from judgment. Therefore, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
FACTS
¶ 2. On October 20, 1998, the MTC filed a complaint for eminent domain proceedings to acquire 1.45 acres of land in Webster County, Mississippi for the purpose of expanding a portion of U.S. Highway 82.[2] As the owner of the property, Sherry Mann (“Sherry”) was named as a defendant. The Appellants were named as defendants as the beneficiary and trustee under certain deeds of trust which secured Sherry’s indebtedness to the Bank.
¶ 3. A statement of valúe was filed with the complaint in which the MTC’s appraiser estimated just compensation for the taking to be $14,450. Accordingly, the MTC deposited $14,450 with the trial court. The trial court then granted the MTC the right of immediate title and possession of the property.
¶ 4. Pursuant to Mississippi Code Annotated section 11-27-83 (Rev.2004), the trial court appointed a disinterested appraiser, Andy Johnson, Jr., to determine just com *650 pensation. Johnson determined that the total compensation due to the owner was $57,400. The trial court entered an amended order granting the MTC the right of immediate title and possession upon the MTC’s deposit of the difference between $57,400 and the’ $14,450 already deposited with the trial court. The MTC complied with this order and deposited a total of $57,400 which was then released to the named defendants — Sherry, Harrison, and the Bank.
¶ 5. The check from the trial court was made out to “Sherry Belinda Mann a/k/a Sherry Mann, Ben F. Hilbun, Jr., Atty., Deposit Guaranty National Bank, Beneficiary, J.L. Clifford Harrison, Trustee.” The clerk’s docket shows that the check was delivered to Ben Hilbun, attorney for Sherry. The back of the check was endorsed by Hilbun and Sherry. Below their signatures is a stamp with the following: “Deposit Guaranty National Bank, Post Office Drawer 919, Eupora, Mississippi 39744-0919.” Below the stamp is an illegible signature and the notation: “Personal Banker, applied to ILS # 9500312557.” Apparently, the funds were applied to Sherry’s mortgage loan held by the Bank.
¶ 6. Thereafter, the MTC discovered that Sherry had conveyed the property to her mother, Peggy Mann (“Peggy”), by warranty deed. The MTC then amended the compláint to include the new landowners — Peggy and her husband, Wayne Mann. An agreed order of continuance of the trial was entered on May 7, 2002. This order was signed by counsel for the MTC and counsel for the Manns; however, the Appellants did not approve this order. Trial was set for February 17, 2004. Although the MTC’s notice of trial date was mailed to the Appellants, it was not served on the Appellants’ attorney of record.
¶ 7. A second agreed order of continuance was entered on June 15, 2004, again signed only by counsel for the MTC and counsel for the Manns. The MTC filed a motion for trial setting on February 15, 2007. The Appellants were not served with this motion. On September 7, 2007, the • trial court entered an order setting trial for June 17, 2008.
¶ 8. The jury found that the defendants in the eminent domain action — Sherry, Peggy, Wayne, the Bank, and Harrison— were owed $14,450 as just compensation for the taking. Mississippi Code Annotated section 11-27-87 (Rev.2004), titled “Effect of insufficiency or excess of deposit,” states, in pertinent part, that:
If the plaintiff takes title to and possession of the .land condemned pursuant to the order of the court and the amount of the compensation as determined upon final disposition of the case is less than the amount of the deposit, the plaintiff shall be entitled to a personal judgment against the owner for the amount of the difference.
Accordingly, the trial court entered a judgment against the defendants and in favor of the MTC in the amount of $42,950 — the difference between the MTC’s deposit of $57,400 and the jury’s award of $14,450.
¶ 9. The Appellants filed a motion to amend judgment or, alternatively, for relief from judgment claiming that they should be removed as judgment debtors or, alternatively, that they are entitled to relief from the judgment since they were not party to the withdrawal of the funds deposited by the MTC. The trial court denied the motion and found that the Appellants were proper parties to the action and chose not to appear and defend their interests at the trial conducted on June 17, 2008. The trial court further noted that the back of the check was endorsed by the *651 Bank; thus, the Appellants were parties to the removal of funds.
¶ 10. The trial court entered an order reopening the time for appeal, and the Appellants properly filed their notice of appeal.
STANDARD OF REVIEW
¶ 11. “The grant or denial of a Rule 59 motion is within the discretion of the judge[,] and we will not reverse the denial absent an abuse of discretion or if allowing the judgment to stand would result in a miscarriage of justice.” Journeay v. Berry, 953 So.2d 1145, 1160 (¶ 51) (Miss.Ct.App.2007) (citing Clark v. Columbus & Greenville Ry. Co., 473 So.2d 947, 950 (Miss.1985)). The grant or denial of a Rule 60(b) motion is also reviewed under an abuse-of-discretion standard. Tel. Man, Inc. v. Hinds County, 791 So.2d 208, 210 (¶ 9) (Miss.2001) (citation omitted).
ANALYSIS

Whether the judgment against the Appellants was in error because the Appellants were not parties to the removal of funds deposited by the MTC and were not properly notified of the trial.

¶ 12. The Appellants claim that their request for relief from judgment under Rules 59(e) and 60(b)(6) of the Mississippi Rules of Civil Procedure was improperly denied by the trial court because they were not a party to the removal of funds deposited by the MTC. Further, the Appellants also claim that they were not properly notified of the trial date.
¶ 13. “M.R.C.P. 59(e) provides for a motion to alter or amend a judgment. In order to succeed on a Rule 59(e) motion, the movant must show: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice.” Joumeay, 953 So.2d at 1160 (¶ 51) (citing Brooks v. Roberts, 882 So.2d 229, 233 (¶ 15) (Miss.2004)). The Appellants argue that to hold them liable as judgment debtors in this matter results in manifest injustice.
¶ 14. Furthermore, Rule 60(b)(6) allows the trial court to relieve a party from a final judgment for “any reason justifying relief from the judgment.” The Appellants contend that sufficient evidence exists to show that the judgment is prejudicial, unconscionable, and unfair. We agree that the trial court should have either amended the judgment to remove the Appellants as judgment debtors or, alternatively, granted the Appellants relief from the judgment.
¶ 15. We first consider whether the Appellants were parties to the removal of the funds. The clerk’s docket record shows that the check was delivered to Hilbuq, Sherry’s attorney. Sherry and Hilbun both endorsed the check and then presented it to a teller at the Bank. Sherry had the check applied toward her mortgage loan held by the Bank.[3] Harrison, the trustee, did not endorse the check. The only evidence that the Bank endorsed the check is the stamp placed on the check. The Bank claims that such stamp is insufficient to constitute an endorsement by the Bank so as to make the Bank a party to the removal of funds.
*652 ¶ 16. Because the check was ambiguous as to whether the parties were paid jointly or alternatively, i.e., there was no “and” or “or” language on the payee line of the check, Mississippi Code Annotated section 75-3-110(d) (Rev.2002) provides that the check is payable to the parties alternatively and may be negotiated by any of the parties in possession of the check.[4] Thus, the Appellants’ endorsements were not required for Sherry to negotiate the check.
¶ 17. It is clear, as the MTC argues, that the MTC is entitled to a judgment in the amount of their excess deposit. However, to hold the Appellants responsible for that judgment — almost ten years after the money was disbursed to the landowner and applied to the landowner’s mortgage — constitutes manifest injustice. The Bank was a nominal party to this case as a lien holder, and the Bank’s lien had long since been satisfied by the time this judgment was entered. Sherry, as the landowner, benefitted from the disbursement of funds that were applied to reduce her mortgage on the land. To now hold the Appellants liable for repayment of those funds — when Sherry’s loan with the Bank has been satisfied and the Bank no longer has any claim against her — results in a significant windfall to Sherry and constitutes a patently unfair result for the Appellants.
¶ 18. The trial court held that the stamp constituted the Bank’s endorsement and made the Bank a party to the removal of funds. However, the stamp was placed on the check only because Sherry presented the check to the Bank to be applied to her mortgage loan. It was an abuse of discretion for the trial court to hold that this action by Sherry made the Bank a party to the removal of funds.
¶ 19. We next consider the trial'court’s finding that the Appellants failed to appear and defend their interests at trial. Many pleadings in this matter regarding the trial date were not served on the Appellants’ attorney of record. Although the Bank admits it was aware of the trial date, it submitted an affidavit from its attorney stating that he called Josh Freeman, attorney for the MTC, the day before trial. He informed Freeman that the Bank’s lien had been paid in full and that he would not attend the trial because the Bank no longer had an interest in the property. Freeman agreed and never indicated that the MTC would seek- to collect the judgment from the Bank. This conversation is not disputed by the MTC-
¶ 20. The MTC’s pleadings in this case never indicated that it was going to attempt to collect judgment from the Appellants. Instead, the MTC argues that the quick-take provisions put Appellants on notice that the funds deposited with the trial court might have to be returned to the MTC. Section 11-27-87 states that, if the jury award is less than the deposit, “the plaintiff shall be entitled to a personal judgment against the owner for the amount of the difference.” (Emphasis added). The MTC claims that the Bank was an owner of the funds because its endorsement was required for Sherry to negotiate the check; thus, the Bank could force Sherry to apply the check to its loan. *653 However, as we noted above, this argument is incorrect. The payees were listed in the alternative; therefore, Sherry could negotiate the check alone. See Miss.Code Ann. § T5 — 3—110(d). MTC’s argument is further negated by the fact that Harrison, the trustee, never endorsed the check. This clearly indicates that the endorsement of all the parties was not required for Sherry to negotiate the check.
¶ 21. The Appellants did file an answer in this case requesting that any compensation awarded in this matter be paid first to the Bank to satisfy the indebtedness on Sherry’s mortgage. However, that answer was filed on February 4, 2000 — over eight years before the judgment was entered in this case. We agree that the Bank, at that time, could have been considered an “owner” of the funds because it still had a lien on the property. However, that lien was long extinguished before the judgment was entered.
¶ 22. The MTC claims that Sherry does not have the funds for repayment purposes because she used the funds to- extinguish a loan held by the Bank. However, again, it is Sherry who benefitted from this transaction as she now holds the land free and clear of the encumbrance of the mortgage loan.
¶ 23. Due to the considerable delay between the time the funds were disbursed and the time of trial, we find it prejudicial and inequitable for the trial court to hold that the Appellants failed to appear and defend their interests. Their interests were dissolved at the moment Sherry’s loan was extinguished. They were not on notice that they would be liable to the MTC under the quick-take provisions because they had no reason to believe they were still an “owner” of the property.
¶ 24. The trial court had a “grand res-ervón' of equitable power to do justice” and grant the Appellants relief from the judgment. Bryant, Inc. v. Walters, 493 So.2d 933, 939 (Miss.1986) (citation omitted). We find that sufficient evidence exists to show that the trial court abused its discretion in denying the Appellants’ motion to amend -the judgment or, alternatively, for relief from the judgment. Accordingly, the judgment of the trial court is reversed, and the case is remanded for the trial court to grant such relief.
¶ 25. THE JUDGMENT OF THE WEBSTER COUNTY SPECIAL COURT OF EMINENT DOMAIN IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
MYERS, P.J., BARNES, ISHEE AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., LEE, P.J., AND CARLTON, J.

. The Bank and trustee will be referred to collectively as the "Appellants.”

. The complaint was later amended to seek immediate title and possession under Mississippi's quick-take provision codified at Mississippi Code Annotated sections 11-27-81 to - 91 (Rev.2004).

. The MTC argues that the record is unclear that it was, in fact. Sherry’s loan to which the funds were applied because the loan is merely referred to by number. However, the MTC then argues that the Bank controlled the funds by requiring that the funds be applied to Sherry’s loan. Such argument essentially concedes that the funds were applied to Sherry’s loan as there is nothing in the record that would indicate otherwise.

. Mississippi Code Annotated section 75-3-110(d) states that:
If an instrument is payable to two (2) or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two (2) or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two (2) or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.