ISHEE, J.,
for the Court:
¶ 1. Falanda Wilson slipped, fell, and was injured while visiting a patient at Baptist Memorial Hospital (BMH) in Oxford, Mississippi. BMH sought summary judgment contending that Wilson was a licensee, rather than an invitee, and that it did not owe her a duty of care to keep its premises reasonably safe. The trial court granted the motion. We hold that a hospital visitor is an invitee, and we reverse the trial court’s grant of summary judgment in favor of BMH.
STANDARD OF REVIEW
¶ 2. We review a trial court’s grant of summary judgment de novo. Treasure Bay Corp. v. Ricard, 967 So.2d 1235, 1238 (¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001). The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the nonmoving party must be given the benefit of doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶5) (Miss.2005). “A fact is material if it ‘tends to resolve any of the issues properly raised by the parties.’ ” Moss v. Batesville Casket Co., Inc., 935 So.2d 393, 398 (¶ 16) (Miss.2006) (citation omitted).
DISCUSSION
¶ 3. Wilson visited a friend at the hospital, escorting the patient’s minor son to visit with his mother. Wilson claims she slipped on a puddle of water as she was leaving her friend’s hospital room. Wilson testified that immediately after her fall, she overheard an attending nurse say the water must have been spilled when nurses were delivering it to patients. As an alternative theory of liability, Wilson contends the spill was within view of the nurses’ station and should reasonably have been discovered and cleaned up before her fall.
¶ 4. To recover for negligence, a plaintiff must prove each of the elements of a negligence claim, which are: (1) duty, (2) breach of duty, (3) causation, and (4) damages. Duckworth v. Warren, 10 So.3d 433, 440 (¶ 23) (Miss.2009). Duty and breach of duty establish the negligence, while causation and damages are required to show that the plaintiff is entitled to recover for harm resulting from the negligent act. Fisher v. Deer, 942 So.2d 217, 219 (¶ 6) (Miss.Ct.App.2006).
¶ 5. The issues on appeal are what duty BMH owed to Wilson as a visitor of a patient at the hospital and whether Wilson offered sufficient evidence of a breach of duty to withstand summary judgment.
I. Duty
¶ 6. To determine the duty of care owed by an owner or occupier of land to entrants on the property, we classify the entrants based upon common-law distinctions between trespassers, licensees, and invitees. Little ex rel. Little v. Bell, 719 So.2d 757, 760 (¶ 14) (Miss.1998). A landowner owes a greater duty to an invitee than to a licensee or trespasser; for an invitee, the duty is to keep the premises reasonably safe and, when not reasonably safe, to warn where there is hidden danger or peril that is not plain and open. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992). Whereas, the landowner owes a duty only to refrain from willfully or wantonly injuring licensees and *51 trespassers. Adams ex rel. Adams v. Fred’s Dollar Store of Batesville, 497 So.2d 1097,1100 (Miss.1986).
¶ 7. When the facts are not in dispute, the classification of a plaintiff is a question of law for the court. Doe v. Jameson Inn, Inc., 56 So.3d 549, 554 (¶ 13) (Miss.2011). In the instant case, the question is whether a visitor of a patient at a hospital is classified as a licensee or an invitee.
¶ 8. Generally, an invitee is one who enters another’s premises in answer to the express or implied invitation of the owner or possessor for their mutual advantage; a licensee is one who enters upon another’s premises for his or her own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner or possessor; and a trespasser is one who enters upon another’s property without invitation, license, or other right. Little, 719 So.2d at 760 (¶ 15).
¶ 9. We are aware of one reported Mississippi appellate decision concerning the status of patients’ visitors at hospitals. In Biloxi Regional Medical Center v. David, 555 So.2d 53, 55-56 (Miss.1989), the Mississippi Supreme Court took it for granted that a hospital visitor was an invitee. The issue does not appear to have been contested by the parties in that case; thus, we are reluctant to rely on it as conclusive authority for the proposition. When there is no Mississippi authority that directly addresses a question, our courts have often looked to the law of other jurisdictions for guidance. See Conley v. State, 790 So.2d 773, 790 (¶ 59) (Miss.2001).
¶ 10. Wilson and the amicus curiae have provided us with a myriad of cases from other jurisdictions holding or implicitly accepting that hospital visitors enjoy the status of invitees. Our own independent review of the law confirms, as other courts have observed, that the rule is nearly universal that hospital visitors are invitees. See Ex Parte Wooten, 681 So.2d 149, 150-151 (Ala.1996) (listing decisions of other states); N. Broward Hosp. Dist. v. Adams, 143 So.2d 355, 356-57 (Fla.Dist.Ct.App.1962) (noting only one exception, which has since been abandoned when Colorado abolished the common-law entrant classifications); see also 40A Am.Jur.2d Hospitals & Asylums § 31 (2008) (stating without qualification that visitors of patients in a hospital are invitees). The United States Court of Appeals for the Fourth Circuit, applying North Carolina and Virginia law, has explained the rationale for this rule as follows:
It is a matter of common knowledge that all hospitals expect patients to have visitors, the number, duration[,] and frequency of their visits depend[ ] upon the severity of the patient’s illness. Certainly, near relatives, such as [the] plaintiff in this case, have an implied invitation to visit. Such visits are for the mutual advantage of the patient, the visitor[,] and the hospital. It is desirable from the standpoint of the hospital to permit, at the proper times and under proper conditions, visits to patients by relatives and friends. No one would patronize a hospital which did not permit relatives and friends to visit patients at proper times.
Hamlet v. Troxler, 235 F.2d 335, 337 (4th Cir.1956). Allowing patients to accept visitors is a part of the hospital’s business, and hospitals often provide amenities, gift and flower shops, and cafeterias intended for visitors’ use and the hospital’s profit. Bowins v. Euclid Gen. Hosp. Ass’n, 20 Ohio App.3d 29, 484 N.E.2d 203, 205 (1984).
¶ 11. On the other hand, BMH has not presented a single decision from another jurisdiction holding a hospital visitor to be a mere licensee. Instead, BMH focuses on *52 what it asserts are analogous Mississippi decisions, but we find all of them distinguishable. Jameson Inn, 56 So.3d at 556 (¶ 20) concerned a “guest of a guest of a registered hotel guest” who had entered the hotel premises to use illegal drugs. Astleford v. Milner Enterprises, Inc., 233 So.2d 524 (Miss.1970) and Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646 (Miss.1988) involved personal visitors of the landowner’s employees. Dry v. Ford, 238 Miss. 98, 117 So.2d 456 (1960) held that an invitee’s status changed to a licensee after he used the premises for purposes not included in his invitation. Hudson v. Courtesy Motors, Inc., 794 So.2d 999 (Miss.2001) concerned a meeting between two individuals at a third-party business. Bishop v. Stewart, 234 Miss. 409, 106 So.2d 899 (1958) involved a wife who was injured on property owned by her husband but occupied by a third party with his permission. Because the wife was there for the family business, she was not regarded as an invitee vis-a-vis the third-party occupier. Id. None of these cases support BMH’s contention that a hospital visitor is a licensee under Mississippi law.
¶ 12. BMH also argues that Wilson should be barred from arguing she is a “business” invitee because that contention is made for the first time on appeal. BMH contends Wilson hung her hat on the theory that she was a “public” invitee rather than an ordinary business invitee.[1] While it is true Wilson did make this argument— in fact, it was her leading argument both at the trial court and on appeal — from the record it is clear that Wilson has always contended that she was both a business invitee and a public invitee. The trial court, in its order granting summary judgment, directly addressed both questions. Thus, the issue of whether Wilson was a business invitee was not raised for the first time on appeal.
¶ 13. We conclude that a visitor of a patient in a hospital is a business invitee under Mississippi law. The trial court erred in finding that Wilson was a licensee.
II. Breach of Duty
¶ 14.' The final issue raised on appeal is whether Wilson presented sufficient evidence to survive summary judgment on the issue of whether the hospital breached its standard of care. As Wilson was an invitee, BMH owed her a duty to exercise ordinary care to keep the premises reasonably safe and, when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view. Caruso, 598 So.2d at 773. In order for a plaintiff to recover in a slip- and-fall case, she must: “(1) show that some negligent act of the defendant caused [her] injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.” Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918 (¶ 8) (Miss.2000).
¶ 15. BMH points out that there is no evidence in the record as to the amount of time the floor had been wet and, conse *53 quently, no proof to impute constructive knowledge of the dangerous condition to the hospital. We agree. However, we impute knowledge to the owner/occupier where it created the dangerous condition. Miller v. R.B. Wall Oil Co., Inc., 970 So.2d 127, 132 (¶ 17) (Miss.2007). In this case, Wilson testified that, after she fell, three nurses responded immediately. In fact, Wilson overheard one of the nurses say the water-must have been spilled while the nurses had been delivering water to the patients. This statement was not hearsay, as it is either a party admission, or it is admissible under the “excited utterance” hearsay exception. See M.R.E. 801(D)(2); 803(2). Consequently, we find sufficient evidence that an issue of genuine material fact exists of a breach of duty.
¶ 16. We conclude the trial court erred in granting BMH’s motion for summary judgment.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL AND RUSSELL, JJ, CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE OPINION. MYERS, J., NOT PARTICIPATING.

. "A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public, while a business visitor is invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land.” Hudson, 794 So.2d at 1003 (¶ II). We agree with the trial court that Wilson was not a public invitee, as a hospital is not open to the general public for visitation; visitation is rightly reserved to those desired by the patients and is subject to reasonable regulation by the hospital.