JAMES, J.,
for the Court:
¶ 1. Kay Freeman appeals the Harrison County Circuit Court’s order granting summary judgment in favor of CLC of Biloxi d/b/a Biloxi Community Living Center (“CLC”) and granting CLC’s motion to alter or amend a judgment. She raises two issues on appeal: (1) whether the circuit court’s decision to grant CLC’s motion to alter or amend the judgment was an abuse of discretion; and (2) whether the circuit court erred in granting summary judgment in favor of CLC. Upon review, we find no error and affirm the circuit court’s grant of summary judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. This is a slip-and-fall case. Freeman alleges that on August 24, 2006, she was an invitee on the premises of CLC when she slipped and fell in a puddle of water after housekeeping, Healthcare Services Group Inc. (“HSG”), mopped the floors of the facility. As a result, on May 27, 2008, Freeman filed a complaint against Community Eldercare Services (“CES”) and CLC on the basis of premises liability. On July 9, 2008, CES and CLC filed their answer and affirmative defenses.
¶ 3. On October 27, 2008, Freeman filed a motion for leave to file an amended complaint, seeking to add HSG as a defendant. On November 3, 2008, an agreed order was entered allowing Freeman to amend her complaint to add HSG as a defendant, and Freeman filed her amended complaint adding HSG on November 7, 2008.
¶ 4. On November 25, 2008, CES and CLC filed their answer to the amended complaint, and they stated that “[i]t is admitted that [CLC] and [HSG] were in a contractual relationship in which [HSG] provided certain services at [CLC] in August 2006.” CLC also admitted that it operates its nursing home in Biloxi, and that Freeman was physically present at its facility on August 24, 2006. CLC and CES denied that they were liable.
¶ 5. On January 20, 2009, HSG filed its answer and defenses to the amended complaint after getting an extension of time to file its answer. On July 7, 2009, HSG and Freeman entered into an out-of-court settlement, and a release was executed by Freeman. On July 21, 2009, the circuit court entered an agreed order dismissing HSG with prejudice.
¶ 6. On April 1, 2011, Freeman filed a motion for partial summary judgment against CES, arguing that CES, as a premises owner, is responsible for the negligence of an independent contractor, HSG, that created an unsafe condition on the premises. A hearing was set for May 19, 2011, on this motion.
¶ 7. On April 21, 2011, CES and CLC filed a motion for summary judgment, arguing that they were not liable for the actions of HSG because neither CES nor CLC created the alleged dangerous condition; neither CES nor CLC had actual knowledge of the alleged dangerous condition; and neither CES nor CLC had constructive knowledge of the alleged dangerous condition. They further stated that CES should be dismissed from the case because CES did not own, operate, or control the premises. They also filed an itemization of facts not genuinely disputed to *1167 support their motion for summary judgment. On April 28, 2011, Freeman filed a response to CES and CLC’s motion for summary judgment.
¶ 8. On October 13, 2011, the circuit court entered an order denying Freeman’s motion for partial summary judgment; denying CES and CLC’s motion for summary judgment; and dismissing CES with prejudice. On October 21, 2011, CLC filed a motion under Mississippi Rule of Civil Procedure 59(e) to alter or amend the judgment denying its motion for summary judgment. On October 31, 2011, Freeman filed her response to the motion to alter or amend. On December 15, 2011, CLC filed a rebuttal brief in support of its motion to alter or amend. CLC also noted that there were cross-motions for summary judgment on the same issue of law for which there was no disputed issue of fact. Therefore, it sought a ruling on whether CLC could be vicariously liable for the actions of its independent contractor, HSG, in a slip-and-fall case.
¶ 9. On March 8, 2012, a hearing was held on CLC’s motion to alter or amend the order denying summary judgment. On April 2, 2012, the circuit court entered a final judgment of dismissal with prejudice, which reads, in pertinent part:
[T]he [mjotion to [ajlter or [ajmend [jjudgment should be granted pursuant to Rule 59(e), in that there is a need to correct a clear error of law or prevent manifest injustice, that error being that there is no genuine issue of material fact regarding whether [CLC] committed a negligent act to create a dangerous condition on its premises or whether it had actual or constructive knowledge of a dangerous condition on its premises and failed to warn.
[T]he prior ruling of the [c]ourt denying the summary judgment motion of [CLC] should be reversed instead of granted. There is no genuine issue of material fact that the water on which [Freeman] claims to have slipped and fallen was placed there by an employee of [HSG]; that [CLC] is not vicariously liable for the actions of said employee; and that [CLC] had neither actual nor constructive knowledge of said water.
On April 11, 2012, Freeman appealed.
DISCUSSION
I. Whether the circuit court’s decision to grant CLC’s motion to alter or amend the judgment was an abuse of discretion.
¶ 10. “The grant or denial of a Rule 59 motion is within the discretion of the judge, and we will not reverse ... absent an abuse of discretion or if allowing the judgment to stand would result in a miscarriage of justice.” Harrison v. Miss. Transp. Comm’n, 57 So.3d 648, 651 (¶ 11) (Miss.Ct.App.2010) (quoting Journeay v. Berry, 953 So.2d 1145, 1160 (¶ 51) (Miss.Ct.App.2007)). Under Mississippi Rule of Civil Procedure 59(e), a motion to alter or amend “shall be filed not later than ten days after entry of the judgment.” “In order to succeed on a Rule 59(e) motion, the movant must show: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice.” Harrison, 57 So.3d at 651 (¶ 13). Because the answer to the second question presented is dispositive of the first question presented, we only address the second question presented below.
II. Whether the circuit court erred in granting summary judgment in favor of CLC.
¶ 11. “We review a trial court’s grant of summary judgment de novo.” Haggard v. *1168 Wal-Mart Stores, Inc., 75 So.3d 1120, 1124 (¶ 8) (Miss.Ct.App.2011). Summary judgment is proper where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt.” Haggard, 75 So.3d at 1124 (¶ 8) (quoting Miller v. R.B. Wall Oil Co., 970 So.2d 127, 130 (¶ 5) (Miss.2007)). Additionally, “the facts must be viewed in the light most favorable to the non-moving party.” Id. (quoting Pigg v. Express Hotel Partners, LLC, 991 So.2d 1197, 1199 (¶ 4) (Miss.2008)). “The non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial.” Id.
¶ 12. We use a three-step process in determining premises-liability cases: “First, we must determine whether the injured party was an invitee, [a] licensee, or a trespasser at the time of the injury. Next, we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached.” Id. at (¶ 9) (quoting Rod v. Home Depot USA, Inc., 931 So.2d 692, 694 (¶ 9) (Miss.Ct.App.2006)).
¶ 13. In Mississippi, “[t]o determine the duty of care owed by an owner or occupier of land to entrants on the property, we classify the entrants based upon common-law distinctions between trespassers, licensees, and invitees.” Wilson v. Baptist Mem’l Hosp.—N. Miss., Inc., 93 So.3d 48, 50 (¶ 6) (Miss.Ct.App.2012). Thus, an entrant will have one of the following possible statuses:
Generally, an invitee is one who enters another’s premises in answer to the express or implied invitation of the owner or possessor for their mutual advantage; a licensee is one who enters upon another’s premises for his or her own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner or possessor; and a trespasser is one who enters upon another’s property without invitation, license, or other right.
Id. at 51 (¶ 8). In the case before us, it is undisputed that Freeman was an invitee because she entered the nursing home “in answer to the express or implied invitation of the owner or possessor for their mutual advantage[.]” Id. Further, this Court has held that “a visitor of a patient in a hospital is a business invitee under Mississippi law.” Id. at 52 (¶ 13).
¶ 14. “A business owner/operator owes to invitees the ‘duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view.” Haggard, 75 So.3d at 1125 (¶ 10). Stated another way:
In Mississippi, an owner, occupant, or person in charge of a premises owes to an invitee or business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care.
Id. “However, the owner or occupant is not an insurer against all injuries.” Id.
¶ 15. In a slip-and-fall case, the plaintiff must show one of the following to recover:
*1169 (1) a negligent act of the defendant caused her injury;
(2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or
(3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant.
Id. at (¶ 11) (emphasis added). Neither party argues that CLC had actual or constructive knowledge, and there is nothing in the record to show that CLC had actual or constructive knowledge of the water on the floor. Therefore, the only possible theory of recovery for Freeman is that “a negligent act of the defendant caused her injury[.]” Id.
¶ 16. In the case before us, it is undisputed that Freeman slipped and fell in a puddle of water after housekeeping, HSG, mopped the floors of the facility and failed to put out a wet floor sign.[1] As already noted, HSG settled with Freeman out of court, but CLC remained as a defendant. Thus, the question becomes whether CLC can be liable for the actions of its independent contractor, HSG, under the first theory of liability in a slip-and-fall case. In other words, can a premises owner/operator be vicariously liable for the negligence of its independent contractor in a slip-and-fall case where the parties stipulate that the independent contractor created the dangerous condition and the premises owner/operator had no actual or constructive knowledge? The circuit court entered a final judgment of dismissal with prejudice, finding that CLC could not be liable for HSG’s actions:
[T]he [mjotion to [ajlter or [ajmend [the][j]udgment should be granted pursuant to Rule 59(e), in that there is a need to correct a clear error of law or prevent manifest injustice, that error being that there is no genuine issue of material fact regarding whether [CLC] committed a negligent act to create a dangerous condition on its premises or whether it had actual or constructive knowledge of a dangerous condition on its premises and failed to warn.
[T]he prior ruling of the [cjourt denying the summary judgment motion of [CLC] should be reversed instead of [upheld]. There is no genuine issue of material fact that the water on which [Freeman] claims to have slipped and fallen was placed there by an employee of [HSG]; that [CLC] is not vicariously liable for the actions of said employee; and that [CLC] had neither actual nor constructive knowledge of said water.
(Emphasis added).
¶ 17. Freeman argues that CLC can be liable for the actions of its independent contractor because the duty to keep the premises reasonably safe and warn of hidden dangers is a nondelegable duty. CLC, on the other hand, simply argues that it cannot be liable for the actions of HSG because (1) HSG is an independent contractor; (2) HSG caused the water to be on the floor without a wet floor sign; and (3) CLC had no actual or constructive knowledge of the water. According to CLC, if it can be held liable for HSG’s actions, we would essentially be imposing a strict-liability standard against a business owner/operator anytime an independent contractor is negligent.
¶ 18. Both parties cite Chisolm v. Mississippi Department of Transportation, 942 So.2d 136 (Miss.2006), to support their *1170 positions. In the Chisolm case, a driver was killed and a passenger was severely-injured when the vehicle flipped at a construction site. Id. at 139 (¶ 2). The driver’s heirs filed suit against the Mississippi Department of Transportation (MDOT) and Great River, who was an independent contractor of the MDOT performing construction work. Id. The trial court granted summary judgment in favor of the MDOT, finding that Great River was an independent contractor and that MDOT was entitled to sovereign immunity. Id. Great River reached an out-of-court settlement agreement with the heirs. Id. at 142 (¶ 11). The Chisolm court noted that “[ujnder the general rule, [an] independent contractor’s principal has no vicarious liability for the torts committed by the independent contractor or its employees in the performance of the contract.” Id. at 141 (¶ 7). Our supreme court then noted that “[e]ven if a contract clearly evinces the parties’ settled intent to create a principal-independent contractor relationship, when a third party is adversely affected, [the appellate court] can look beyond the contract to determine whether public policy requires recharacterization of the relationship to allow the injured party to recover.” Id. at 142 (¶ 10). However, our supreme court noted an important caveat to the public-policy exception: “A necessary condition precedent for the application of this factor, however, is that the party challenging the claimed relationship will be adversely affected, and denied an adequate legal remedy. In the absence of this, the right of the parties to contract as they please is a constitutionally-protected right.” Id. (emphasis added) (quoting Richardson v. APAC-Miss., Inc., 631 So.2d 143, 148 (Miss.1994)). Based on this caveat, our supreme court held as follows:
Application of the “public policy” factor is unwarranted in this case. After the trial courts handed down the orders granting summary judgment in favor of MDOT, the plaintiffs settled all of their claims against Great River and voluntarily dismissed the company. Therefore, the plaintiffs had an adequate remedy available to them and have been compensated. This factor contemplates a situation where the plaintiff cannot get any recovery based on the principle-independent contractor shield. Such is not the case here.
Id. at (¶ 11).
¶ 19. After determining that Chisolm’s heirs did not meet the public-policy exception, our supreme court noted that the “general rule that a principle is not liable for the torts of its independent contractor has two notable exceptions.” Id. at 143 (¶ 16). “The first is that a principle can be held liable for injuries to a third party ‘caused by the failure of an independent contractor to exercise due care with respect to the performance of work which is inherently or intrinsically dangerous.” Id. “The second exception applies where the principal has a non-delegable duty.” Id. However, our supreme court declined to consider either of these exceptions because they were not raised on appeal. Id. at 143-44 (¶ 16). Therefore, the court held that the “plaintiffs may not hold MDOT liable for the negligence of its independent contractor, Great River.” Id. at 144 (¶ 17).
¶ 20. In the case before us, it is clear that HSG reached a settlement with Freeman; therefore, the public-policy exception announced in Chisolm does not apply. But unlike Chisolm, the parties in the case before us do raise the nondelegable-duty exception.
¶ 21. Freeman further cites other cases involving independent contractors, but none are slip-and-fall cases. See J.E. Weldon v. Lehmann, 226 Miss. 600, 84 So.2d 796 (1956)(landlord/tenant case involving *1171 property damage); D.L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770 (1944) (landlord/tenant case involving damaged fence and loss of cattle). In any event, we find that the general rule that “[an] independent contractor’s principal has no vicarious liability for the torts committed by the independent contractor or its employees in the performance of the contract” applies in this case. Chisolm, 942 So.2d at 141 (¶ 7). Therefore, CLC is not vicariously liable for HSG, its independent contractor, and the circuit court properly granted summary judgment in favor of CLC. Therefore, we affirm.
¶ 22. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.

. It is also undisputed between the parties that HSG is an independent contractor of CLC.