# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00897-COA

PERRY MACK, SR., INDIVIDUALLY AND ON BEHALF OF OTHER WRONGFUL DEATH HEIRS OF TALITHA MACK, DECEASED

APPELLANT

v.

MERIMAC APARTMENTS, SHOEMAKER PROPERTY MANAGEMENT LLC AND J.W. McARTHUR, JR.

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/2022 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAWANZA KOBIE WATSON |
| ATTORNEYS FOR APPELLEES: | JAMES SETH McCOY |
| | ADAM ANTHONY BOLLAERT |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 05/14/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     On July 25, 2018, Talitha Mack was murdered by Orean Samuel on the premises of the Merimac Apartments in Hattiesburg, Mississippi.  Her father, Perry Mack Sr., sued the apartment complex, management company, and owner for damages.  The defendants filed a motion for summary judgment, which the trial court granted.  Mack appeals and alleges that the trial court erroneously granted the motion for summary judgment because (1) the court considered evidence that should have been stricken from the record, and (2) the question of causation was one for a jury.  Finding no error, we affirm.

## FACTUAL BACKGROUND

¶2.     On July 25, 2018, Talitha Mack and Orean Samuel were in a heated argument over an allegedly shared romantic love interest. Eventually, the two decided to meet face-to-face. Talitha informed Orean that she was at the Merimac Apartments. Orean arrived at Merimac and told Talitha to come outside. After what some witnesses called a "brief altercation," Orean shot Talitha multiple times and left the scene. Talitha died before investigators arrived. Orean was arrested and subsequently pled guilty to the murder.

¶3.     The Merimac Apartments complex was in Hattiesburg, Mississippi, operated by Shoemaker Property Management (a Mississippi company) and owned by J.W. McArthur. Neither Talitha nor Orean was a leaseholder or resident at Merimac.

¶4.     On June 27, 2019, Talitha's father Perry Mack filed a complaint individually and on behalf of Talitha's wrongful death "heirs" in the Forrest County Circuit Court. In the complaint, Mack asserted a case of premises liability[1] and alleged negligence against Merimac, Shoemaker Property Management LLC, and J.W. McArthur Jr. Mack amended the complaint on October 18, 2019, to include additional details regarding the history of crimes on the property that Merimac "should have reasonably been aware of[.]" Mack alleged negligence against Merimac because safety measures were allegedly not taken on the

---

[1] "Premises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of conditions or activities on the land." *Babin v. Wendelta Inc.*, 368 So. 3d 363, 369 (¶21) (Miss. Ct. App. 2023) (quoting *Fairley Constr. Servs. Inc. v. Savage*, 265 So. 3d 203, 208 (¶10) (Miss. Ct. App. 2019)).

"unsafe premises." On November 25, 2019, Shoemaker filed its separate answer to the complaint. On May 19, 2020, Merimac and McArthur filed a motion to dismiss alleging that Mack failed to have a summons issued for either party. On January 14, 2021, Mack filed a Rule 41 notice of dismissal of Merimac and McArthur without prejudice but maintained his claims against Shoemaker.[2]

¶5.     On July 2, 2021, Mack moved for leave to file an amended complaint to add Merimac and McArthur back as parties to the lawsuit. On July 12, 2021, Shoemaker, the remaining defendant, filed a response to the motion and argued that allowing Mack to add the previously dismissed defendants back to the suit would be "a second bite at the apple." A hearing was held on the motion on July 21, 2021. The following day, the court granted Mack's motion because the defendants did not show that any prejudice would result from permitting him to amend the complaint. On July 22, 2021, Mack filed his second amended complaint adding Merimac and McArthur as parties to the action. Shoemaker filed its separate answer to the amended complaint on July 29, 2021. McArthur, now noted to be

---

[2] Rule 41 of the Mississippi Rules of Civil Procedure provides that a plaintiff may dismiss an action without a court order

> by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs [or] by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.

M.R.C.P. 41(a)(1)(i)-(ii).

3

doing business as Merimac, filed an answer on September 19, 2021.[3]

¶6.    On May 17, 2022, Shoemaker and McArthur filed a motion for summary judgment alleging that there was no genuine issue of material fact because Talitha "was a trespasser and an atmosphere of violence did not exist[.]"  They alleged in the alternative that even if the trial court found that Talitha was an invitee, "the pre-existing hostile relationship between [Talitha] and Orean, coupled with [Talitha]'s own actions, constitute[d] a super[s]eding intervening cause which extinguishe[d] any liability the Defendants" might have had.  The motion for summary judgment incorporated (1) the apartment's lease and a related probate petition,[4] (2) the Hattiesburg Police Department's investigative file, (3) Mack's deposition, and (4) a case in support of their position.[5]

¶7.    On June 17, 2022, Mack filed a response opposing the motion for summary judgment. He alleged that Talitha was an invitee on the premises, the attack she suffered was "foreseeable," the "Defendants' negligence was a proximate cause of [Talitha]'s death," and

---

[3] The answers from Shoemaker, McArthur, and Merimac contained short paragraphs requesting that the court dismiss Mack's operative complaint for failure to state a claim upon which relief could be granted.  Mack filed a response arguing that "[n]o grounds for dismissal have been developed."  However, the final summary judgment order does not refer to Mississippi Rule of Civil Procedure 12(b)(6).

[4] The case also brought up the question of whether Talitha's friends at Merimac were valid leaseholders in resolving the question of whether she was an invitee or trespasser at the time of the shooting.  Accordingly, the lease from the apartment Talitha visited was submitted along with the leaseholder's probate petition on behalf of their deceased son. The friend whom Talitha was visiting at the apartments was one of the deceased's siblings. Because this is not at issue on appeal, we decline to discuss it further.

[5] *Howard v. R.M. Smith Investments*, 228 So. 3d 937 (Miss. Ct. App. 2017).

4

"[w]hether the alleged dispute was an intervening/superseding cause [wa]s a question for the jury." Along with Mack's response, he submitted exhibits including McArthur's deposition, incident reports from the area, affidavits and reports from his security expert, and a deposition from an associate broker with Shoemaker.

¶8.     Additionally on June 17, 2022, Mack filed two motions to strike. The first motion referred to alleged Facebook messages between Talitha and Orean that purported to show an "intervening superseding cause relieving the Defendants of liability" because the women appeared to be "arguing over a shared love interest and were challenging each other to fight." Mack argued that the messages constituted "hearsay[,] unless properly authenticated which they are not."[6]  The second motion to strike referred to the investigative police report prepared by the Hattiesburg Police Department, alleging it was inadmissible hearsay evidence and could not be considered on a motion for summary judgment.

¶9.     The court held a hearing on the motions to strike and the motion for summary judgment on July 27, 2022. Counsel for the Merimac Apartments argued that the majority of statements in the police report Mack sought to strike were hearsay exceptions or not hearsay at all. For example, Merimac argued that Orean pled guilty to Talitha's murder and that her confession, which was against her penal interest, was a hearsay exception.

---

[6] Mack argued that such evidence "raise[d] concerns regarding fabrication[,]" citing a case explaining that such a possibility would prevent the evidence from being authenticated unless there were "more than a simple name and photograph to sufficiently link the communication to the purported author[.]" *Smith v. State*, 136 So. 3d 424, 433 (¶21) (Miss. 2014).

Additionally, Merimac argued that the statements in the report were not "necessarily" used to prove the truth of the matter asserted; rather, those statements "prove these girls knew each other and had a pre-existing relationship and that it was hostile." Merimac also addressed the hearsay issue presented by the Facebook messages, stating that the officer on the scene of the crime read the messages, took screenshots, and "narrate[d] or [wrote] it into his report and then he attache[d] the screenshots." The court concluded the hearing by taking the two motions from Mack and the one motion from Merimac under advisement, stating, "[T]he issue in this case [wa]s primarily the police report in and of itself reliable enough to justify granting the motion" for summary judgment.

¶10.    On August 16, 2022, the circuit court granted Merimac's motion for summary judgment and dismissed Mack's complaint with prejudice. The court concluded that the incident was not foreseeable because "Talitha created the dangerous condition herself by alerting [Orean] to her location; advising [Orean] that she wished to fight her; and leaving the apartment to confront [Orean] without alerting Merimac to the possibility that [Orean] was coming onto the property." On that same day, the court also denied Mack's two motions to strike. On September 2, 2022, Mack filed his notice of appeal.

**DISCUSSION**

¶11.    On appeal, Mack argues that (1) the trial court erred by denying his motions to strike evidence he alleged was hearsay, (2) there was sufficient evidence to support putting the case on for a jury, and (3) causation was an issue that should have been resolved by the jury.

6

These three issues present one underlying question for this Court: whether the trial court's grant of summary judgment was appropriate or made in error. We utilize a de novo standard of review when reviewing a trial court's grant of summary judgment. *Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 130 (¶6) (Miss. 2007) (citing *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 398 (Miss. 2006)). Our review is "confine[d] to what appears in the record." *Id.* (quoting *Pulphus v. State*, 782 So. 2d 1220, 1224 (¶15) (Miss. 2001)).

¶12. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "[A] fact is neither material nor genuinely contested merely because one party proclaims it so." *Brown Lakeland Prop. v. Renasant Bank*, 243 So. 3d 784, 790 (¶17) (Miss. Ct. App. 2018) (quoting *Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1167 (¶10) (Miss. Ct. App. 2007)). "A dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmovant." *Id.* (quoting *Frazier v. McDonald's Rests. of Miss. Inc.*, 102 So. 3d 341, 345 (¶21) (Miss. Ct. App. 2012)). In other words, "[w]hen the non-movant fails to establish the existence of an essential element to its claim, and that party will bear the burden of its proof at trial, summary judgment is mandated." *Evans v. Hodge*, 2 So. 3d 683, 686 (¶5) (Miss. Ct. App. 2008) (quoting *Smith ex rel. Smith v. Gilmore Mem'l Hosp. Inc.*, 952 So. 2d 177, 180 (¶9) (Miss. 2007)).

¶13. "To prevail in a negligence action, such as a premises-liability case, the plaintiff must

7

prove each element of negligence: duty, breach of that duty, proximate causation, and damages or injury." *Landry v. Vallman McComb Mall LLC*, 369 So. 3d 616, 620 (¶10) (Miss. Ct. App. 2023) (quoting *Venture Inc. v. Harris*, 307 So. 3d 427, 432 (¶19) (Miss. 2020)). To succeed in a premises liability action, Mack needed to show: (1) Merimac owed a duty to Talitha, (2) that duty was breached, (3) damages, and (4) a "causal connection between the breach and damages, such that the breach is the proximate cause of [Talitha]'s injuries." *Double Quick Inc. v. Moore*, 73 So. 3d 1162, 1166 (¶11) (Miss. 2011) (citing *Crain v. Cleveland Lodge 1532, Order of Moose Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994)).

¶14.    Mack and Merimac disagree as to whether Talitha was an invitee or trespasser,[7] but just as in *Double Quick*, the true issue before us is whether Merimac's alleged negligence was the proximate cause of Talitha's death. *Id.* at (¶14). As the supreme court held in that case, "[t]he issue is not determinative, because even if [Merimac] owed [Talitha] a higher duty of care, [Mack] failed to provide evidence that [Merimac]'s action or inaction was the proximate cause of [Talitha]'s death." *Id.* Proximate cause is the "cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." *Id.* at 1166-67 (¶15) (quoting *Delahoussaye v. Mary Mahoney's Inc.*, 783 So. 2d 666, 671 (¶13) (Miss. 2001)). "Generally,

---

[7]  "[T]o determine the duty of care owed by an owner or occupier of land to entrants on the property, we classify the entrants based upon common-law distinctions between trespassers, licensees, and invitees." *Double Quick*, 73 So. 3d at 1166 (¶12) (quoting *Freeman v. CLC of Biloxi LLC*, 119 So. 3d 1164, 1168 (¶13) (Miss. Ct. App. 2013)).

criminal acts can be intervening causes which break the causal connection with the defendant's negligent act, if the criminal act is not within the realm of reasonable foreseeability." *Id.* (quoting *O'Cain v. Harvey Freeman & Sons Inc.*, 603 So. 2d 824, 830 (Miss. 1991)).

¶15.    This Court faced a similar scenario in *Fenelon v. Jackson Metrocenter Mall Ltd.*, 172 So. 3d 760 (Miss. Ct. App. 2012).  Fenelon sued Metrocenter in a premises-liability action after she was injured in a car-jacking that occurred in the mall's parking lot.  *Id.* at 761-62 (¶¶1-3).  In support of her claim, Fenelon presented an affidavit from a security expert that alleged an "atmosphere of violence existed in the area surrounding and including Metrocenter's premises and that the incident was foreseeable." *Id.* at 763 (¶7).  The security expert further found "that Metrocenter breached the standard of care by providing inadequate security and by using untrained staff" and that the "breach significantly contributed to and proximately caused Fenelon's injuries." *Id.*  Metrocenter moved for summary judgment, and the court granted its motion.  *Id.* at 761-62 (¶1).  The circuit court found that Fenelon failed "to present probative evidence of proximate cause" and granted summary judgment in Metrocenter's favor.  *Id.* at 763 (¶8) (internal quotation marks omitted).

¶16.    On appeal, the Court found no evidence showing "a causal link between the security in the Metrocenter parking lot and the crime committed against Fenelon at the hands of the third parties." *Id.* at 766 (¶18).  This Court held that "the foreseeability of the injury sustained provides the touchstone for liability" and "refused to place upon a business a

9

burden approaching strict liability for all injuries occurring on its premises as a result of criminal acts by third parties." *Id.* at 763-64 (¶13) (quoting *Crain*, 641 So. 2d at 1189, 1191). Therefore, we affirmed the grant of summary judgment due to Fenelon's "failure to establish proximate cause[.]" *Id*.

¶17.    In the present case, Mack argues he presented enough evidence to submit the case to a jury. Based upon *Fenelon*, we disagree. The vast majority of the evidence in the record before us shows that Talitha and Orean knew each other before the shooting. Orean herself admitted to their confrontation throughout the day of Talitha's murder and multiple witnesses confirmed the same story told by Orean. Mack presented no evidence of a causal relationship that this Court—or a reasonable jury—would find in order to hold Merimac liable. "Even if there is evidence supporting the conclusion that the property owner knew of, and allowed, an atmosphere of violence to exist, the owner is not liable if the plaintiff created and caused the harmful event in question." *Howard*, 228 So. 3d at 941 (¶11) (citing *Titus v. Williams*, 844 So. 2d 459, 466 (¶26) (Miss. 2003)).

¶18.    While Mack has shown evidence of some crime occurring on and near the property, he has simply not proven that the owner's action or inaction was the proximate cause of Orean shooting and killing Talitha. The owner did not know the women. The owner had not leased an apartment to either of the women. The owner had no knowledge of their relationship or the dispute between them involving their relationship with another person also unknown to the owner.

¶19. Mack argues that proximate cause is a question of fact and should, therefore, have been presented to the jury. But while "the issue of proximate cause is generally an issue for a jury to decide, this fact does not change the requirement that, to withstand a motion for summary judgment, the non-moving party must present evidence that would allow a jury to find that the breach proximately caused the injury at issue." *Rogers v. Barlow Eddy Jenkins P.A.*, 22 So. 3d 1219, 1225 (¶23) (Miss. Ct. App. 2009) (quoting *Davis v. Christian Brotherhood Homes of Jackson, Miss. Inc.*, 957 So. 2d 390, 410 (¶48) (Miss. Ct. App. 2007)). Even if those precautions had been taken, there is no evidence those precautions would have prevented Talitha and Orean's dispute or eliminated their ability to enter onto the premises. Quite simply, Mack failed to prove that the owner's actions or inactions proximately caused or "significantly contributed" to Talitha's death.

¶20. Finally, we address Mack's argument concerning the denial of his motions to strike,[8] beginning with the alleged hearsay in the police report. "[A] motion to strike deposition testimony relates to the exclusion and admissibility of evidence and, therefore, typically calls for an abuse of discretion standard of review." *Morton v. City of Shelby*, 984 So. 2d 323, 329

---

[8] Merimac argues that the rulings on motions to strike are not properly before this Court for review because Mack did not specify that he would be appealing them in his notice of appeal. Merimac is incorrect. "A litigant is not required to seek an interlocutory appeal in order to preserve an issue for a subsequent appeal from a final judgment. Rather, an interlocutory order merges with the final judgment and may be considered on direct appeal from the final judgment." *Blanchard v. Blanchard*, 368 So. 3d 374, 379 n.6 (Miss. Ct. App. 2023) (citing *Creel v. Bridgestone/Firestone N. Am. Tire LLC*, 950 So. 2d 1024, 1027 (¶9) (Miss. 2007)).

(¶11) (Miss. Ct. App. 2007) (citing *Yoste v. Wal-Mart Stores Inc.*, 822 So. 2d 935, 936 (¶7) (Miss. 2002)). "Even though police reports, if offered in evidence to prove the truth of the matter asserted are hearsay and the information within them may be based on hearsay, they may be admissible under the hearsay exception in [Mississippi Rule of Evidence] 803(8)." *Rebelwood Apartments RP, LP v. English*, 48 So. 3d 483, 491 (¶36) (Miss. 2010). "Although admissible, a trial court need not admit a report in whole or in part, where the sources of information or other circumstances indicate a lack of trustworthiness." *Id.* (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 n.6, 167-68 (1988)).

¶21. There are four factors used to determine trustworthiness under Rule 803(8): "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Id.* at 493 (¶44) (quoting *Rainey*, 488 U.S. at 168 n.11). The circuit judge completed the trustworthiness analysis, setting out his reasoning in the order granting summary judgment. He found that the report was "prepared in the ordinary course of business and shortly after the murder[.]" Further, the investigators on the case were "experienced," and at that time, they were not investigating "with a view towards any civil litigation . . . arising out of this incident." There was no abuse of discretion in considering the information contained in the police report.

¶22. Further, the order granting summary judgment was clear that the bulk of the judge's decision was based upon Orean's confession to the police. "Whether statements in a police

12

report were corroborated is another indicator of trustworthiness" as discussed previously. *City of Jackson v. Johnson*, 343 So. 3d 356, 368 (¶24) (Miss. 2022) (citing *Rainey*, 488 U.S. at 168 n.11). There is nothing in the record which leads us to doubt the circuit judge's finding that Orean's confession was anything but trustworthy. The evidence, when viewed as a whole, clearly supports the fact that Talitha and Orean knew each other before the murder and had an ongoing dispute.

¶23. As for Mack's motion to strike the Facebook messages, the judge made clear that he did not find "enough information to determine whether the messages were between Talitha and [Orean]." *See Smith v. State*, 136 So. 3d 424, 435 (¶26) (Miss. 2014) (explaining that "a prima facie case of authentication" is required for evidence involving social media communications). Because there was not enough evidence to establish authenticity, the messages were not proper summary judgment evidence and, thus, were not considered as such. The messages were, however, considered as corroborative evidence with Orean's confession, similar to *Johnson*, 343 So. 3d at 368 (¶24). Even if the messages were not considered in determining whether a previous relationship existed between Talitha and Orean, we find plenty of evidence in support of the court's grant of summary judgment.

**CONCLUSION**

¶24. There were no genuine issues of material fact that the owner's actions or inactions proximately caused the death of Talitha. She died at the hands of Orean, who committed a criminal act. For the foregoing reasons, we affirm the circuit court's order granting summary

judgment in favor of Merimac Apartments, Shoemaker Property Management LLC, and J.W. McArthur Jr.

¶25.     **AFFIRMED.**

**CARLTON, P.J., GREENLEE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., AND WILSON, P.J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**